IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LINDA KAY EDES,

         **Plaintiff,**

   **vs.**                                       Civil Action 2:14-cv-1147
                                            Judge Smith
                                            Magistrate Judge King


COMMISSIONER OF SOCIAL SECURITY,

         **Defendant.**


**REPORT AND RECOMMENDATION**

       This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income.  This matter is now before the Court for consideration of *Plaintiff's Statement of Errors*, Doc. No. 16 ("*Statement of Errors*"), and *Memorandum in Opposition*, Doc. No. 23 ("*Commissioner's Response*").

**I.    Background**

       Plaintiff Linda Kay Edes filed her application for benefits on August 12, 2011, alleging that she has been disabled since December 11, 2003.  *PAGEID* 170-177.  The application was denied initially and upon reconsideration and plaintiff requested a *de novo* hearing before an administrative law judge.  *PAGEID* 127-143.

       An administrative hearing was held on March 12, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Jerry A. Olsheski, Ph.D., who testified as a vocational expert. *PAGEID* 83-97.

In a decision dated April 8, 2013, the administrative law judge concluded that plaintiff was not disabled from December 11, 2003, through the date of the administrative decision. *PAGEID* 63-73.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 16, 2014. *PAGEID* 52-54.

Plaintiff was 48 years of age on the date of the administrative law judge's decision. *PAGEID* 73, 84-85, 170.  She has an eleventh-grade education, is able to communicate in English, and has no past relevant work. *PAGEID* 72, 85.  Plaintiff has not engaged in substantial gainful activity since her application date, August 29, 2011. *PAGEID* 85, 170.

## II.  Administrative Hearing

Plaintiff weighed approximately three hundred and fifteen pounds at the time of the administrative hearing. *PAGEID* 91.  She suffers from diabetes and high blood pressure; although medication helps with these conditions, the diabetes causes numbness in her fingers. *PAGEID* 85, 90.  On rare occasion, she loses her grip. *PAGEID* 91-92.

Plaintiff experiences pain in her lower back that radiates into her legs, affects her knees and causes the sides of her legs to feel numb. *PAGEID* 85-86.  Her doctor recommended an MRI of her back, but her insurance company denied that recommendation. *PAGEID* 91. Plaintiff estimated that she can lift between five and seven pounds, although she has not tried to lift any weight because of two emergency hernia repairs. *PAGEID* 86.  Plaintiff has no difficult sitting, but if she stands for too long her back and legs begin to hurt. *PAGEID*

2

86-87.  She does not need to lie down during the day, but does need to sit down.  *PAGEID* 91.  She estimated that she could stand for approximately twenty minutes.  *PAGEID* 87.  She does not walk very far.  *Id*.  She does not use canes, crutches, walkers, or braces.  *PAGEID* 92.  She also does not use heating pads or ice packs for her back and has never undergone steroid injections.  *Id*.  Plaintiff has tried physical therapy, but she believes that her back worsened with therapy.  *Id*.

She uses oxygen at night because of breathing problems.  *PAGEID* 92-93.

Plaintiff performs housework, but it takes her all day to complete work that should normally take one hour.  *PAGEID* 87.  She can work for approximately 20 to 30 minutes, but has to stop and rest for 30 minutes before she can resume the work.  *PAGEID* 88.  She has no hobbies and generally keeps to herself, although does not have difficulty getting along with other people.  *PAGEID* 93.

She smokes approximately one pack of cigarettes per day.  *PAGEID* 88-89.

Plaintiff takes Tylenol, Advil, Trazodone 150, ProAir inhaler, potassium chloride, Metformin 500, Januvia 100, Lyrica 100, hydrochlorothiazide 25, Cymbalta 60, calcium, and Vitamin D supplements.  *PAGEID* 89.

The administrative law judge asked the vocational expert to assume a claimant plaintiff's vocational profile and a residual functional capacity for lifting of up to 15 pounds occasionally and up to 10 pounds frequently, for sitting without limitation, for standing

up to 20 minutes at a time for two hours throughout an eight hour workday, for walking 10 to 15 minutes at a time for two hours throughout an eight hour workday; the claimant could not work around unprotected heights, could only occasional climb stairs, and would be limited to simple, repetitive work. *PAGEID* 94. The vocational expert testified that such a claimant would have "pretty much full access" to approximately 400 sedentary unskilled jobs in southeast Ohio (and several hundred thousand such jobs in the national economy), including such jobs as production assembler, production inspector, and unskilled hand packer. *PAGEID* 95-96. The vocational expert also testified that a claimant who was unable to perform work-related activities for eight hours a day, five days a week would be unable to work full-time. *PAGEID* 96.

## III.  Evidence of Record[1]

On December 27, 2011, psychologist Charles Loomis conducted a consultative psychological evaluation of plaintiff upon referral by the state agency. *PAGEID* 277-283. Plaintiff presented with symptoms of depression and somatic anxiety. *PAGEID* 282. Mr. Loomis diagnosed an anxiety disorder (NOS) with a current global assessment of functioning ("GAF") of 55. *Id.* Mr. Loomis opined that plaintiff's ability to understand, remember, and follow moderately complex instructions did not appear to be impaired. *Id.* He estimated her functional intelligence to "be in the Low Average range and she has

---

[1] The Court's discussion of the evidence is limited to the issues presented in plaintiff's *Statement of Errors.*

the ability to understand, remember and follow moderately complex directions." *Id*.  Plaintiff's ability to maintain attention and concentration appeared "somewhat below" average, and immediate and delayed memory functions were below average.  *PAGEID* 283.  Plaintiff's pace and persistence were adequate and her ability to perform both routine and moderately complex tasks were not impaired.  *Id*. According to Mr. Loomis, plaintiff's ability to cope with the ordinary stressors and pressures of competitive work "would appear to be primarily limited by her symptoms of anxiety and depression when coupled with her perception of her physical limitations."  *Id*.  Mr. Loomis noted that there was no reported history of emotional deterioration in response to workplace demands.  *Id*.

Irma Johnston, Psy.D., reviewed the record for the state agency and completed a Psychiatric Review Technique form on January 20, 2012. *PAGEID* 103.  She opined that plaintiff had mild restriction of activities of daily living and mild difficulties maintaining social functioning, but that plaintiff's difficulties in maintaining concentration, persistence or pace were moderate.  *Id*.  In a Mental Residual Functional Capacity Assessment, *PAGEID* 106-08, Dr. Johnston noted that plaintiff had sustained concentration and persistence limitations.  *PAGEID* 106.  However, there were no limitations in plaintiff's ability to carry out very short and simple instructions, in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, in her ability to sustain an ordinary routine without special

supervision, in her ability to work in coordination with or in proximity to others without being distracted by them, and in her ability to make simple work-related decisions. *PAGEID* 107. Plaintiff was not significantly limited in her ability to carry out detailed instructions or in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* Dr. Johnston went on to opine that plaintiff's symptoms may interfere with her sustained concentration and persistence and that her concentration and attention to task is somewhat below average. *Id.* Dr. Johnston opined that plaintiff can think, remember, and perform simple to moderately complex tasks, and can adapt to changes that are explained in advance and to settings not requiring a rapid pace. *PAGEID* 108.

On April 6, 2012, Bruce Goldsmith, Ph.D., reviewed the record for the state agency and completed a Mental Residual Functional Capacity assessment. *PAGEID* 119-21. According to Dr. Goldsmith, plaintiff had no limitations in understanding and memory but did have sustained concentration and persistence limitations. *PAGEID* 120. Plaintiff's ability to carry out detailed instructions was moderately limited, as was her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* Plaintiff's symptoms may interfere with her ability to sustain concentration and persistence because her concentration and

attention to task were somewhat below average. *Id*. Dr. Goldsmith
went on to opine that plaintiff was capable of performing 3- or 4-step
tasks that were not fast-paced or made strict production demands. *Id*.

**IV. Administrative Decision**

The administrative law judge found that plaintiff's severe
impairments consist of degenerative disc disease of the lumbar spine,
morbid obesity, chronic venous insufficiency, hypertension, diabetes
mellitus type II, depression, and anxiety. *PAGEID* 65. The
administrative law judge also found that plaintiff had moderate
difficulties with concentration, persistence or pace. *PAGEID* 67. The
administrative law judge went on to find that plaintiff's impairments
neither meet nor equal a listed impairment and leave plaintiff with
the residual functional capacity ("RFC") to perform the following:
lift and/or carry 15 pounds occasionally and 10 pounds frequently; in
an eight-hour workday, the claimant would have no limitations in
sitting but can stand for 20 minutes at a time up to two hours and
walk 10 to 15 minutes at a time up to two hours; no unprotected high
work; occasionally use stairs; and, from a mental standpoint, she is
limited to simple, repetitive work. *PAGEID* 68-72. The administrative
law judge relied on the testimony of the vocational expert to find
that, with this RFC, plaintiff is able to perform a significant number
of jobs in the national economy. *PAGEID* 72-73. Accordingly, the
administrative law judge concluded that plaintiff was not disabled
within the meaning of the Social Security Act from August 12, 2011,
through the date of the administrative decision. *PAGEID* 73.

**V.    Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff argues that the administrative law judge erred in relying on the testimony of the vocational expert because the hypothetical posed to the vocational

8

expert was incomplete in that it failed to include certain limitations and was based on an improper RFC determination.  *Statement of Errors*, pp. 7-11.  Plaintiff specifically argues that the administrative law judge found that plaintiff had moderate difficult in maintaining concentration, persistence, or pace, but did not account for this limitation in plaintiff's RFC determination.  *Id*. at 7-9.  Plaintiff goes on to argue that a limitation to simple, repetitive tasks is "not sufficient to accommodate a moderate difficulty in maintaining concentration, persistence or pace which the ALJ found to exist."  *Id*. at 8 (citing, *inter alia*, *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010)).

In *Ealy*, the administrative law judge "relied on the vocational expert's testimony in response to a hypothetical question that stated, in relevant part, 'assume this person is limited to simple, repetitive tasks and instructions in non-public work settings.'"  *Id*. at 517. The administrative law judge in *Ealy* had expressly found that the plaintiff could work for two-hour segments and that speed of performance could not be critical to his job, but failed to include that limitation in the hypothetical posed to the vocational expert. *Id*. at 516.  The United States Court of Appeals for the Sixth Circuit held that the hypothetical posed to the vocational expert, upon whose testimony the administrative law judge relied, failed to adequately describe the claimant's moderate difficulties with regard to concentration, persistence or pace.  *See id*.

The Commissioner responds that, "[s]ince *Ealy*, this district and

others have reaffirmed that a limitation to simple, repetitive tasks —
particularly with additional limitations that specifically address
Plaintiff's unique mental impairments — may reasonably address a
claimant's moderate impairment of concentration, persistence, and
pace." *Commissioner's Response*, p. 3.  The Commissioner further
argues that plaintiff does not challenge the administrative law
judge's reliance on Mr. Loomis's specific opinion that plaintiff's
ability to perform both routine and moderately complex tasks would not
appear to be impaired.  *Id*. at 3-4.  The Commissioner explains that
the administrative law judge found plaintiff's difficulties with
concentration, persistence, and pace as "moderate" at step three
"based on Mr. Loomis's more general opinions that Plaintiff had below
average capabilities to maintain attention and concentration, remember
and function intellectually."  *Id*. at 4.  According to the
Commissioner, Mr. Loomis's "specific and unchallenged opinion" that
plaintiff could do routine or moderately complex tasks at any speed
substantially supported the RFC limiting plaintiff to "simple,
repetitive work."  *Id*.

The administrative law judge in this case found, at step three of
the sequential evaluation process, that plaintiff has moderate
difficulties with regard to concentration, persistence, or pace.
*PAGEID* 67.  The administrative law judge based his determination on
Mr. Loomis's findings that plaintiff's "concentration and attention to
task, immediate and delayed memory functions and computational
abilities were somewhat below average," that plaintiff "had a modest

10

fund of general information, reasoning, and practical problem solving," and that plaintiff's "functional intelligence was estimated to be in the low average range."  *Id*.

The RFC determination is an administrative finding of fact reserved to the Commissioner.  20 C.F.R. § 416.927(d)(2), (3); *Edwards v. Comm'r of Soc. Sec*., No. 03-4020, 97 F. App'x 567, at *569 (6th Cir. May 3, 2004).  In formulating plaintiff's RFC, the administrative law judge considered the opinion of Mr. Loomis, the consultative examiner, and assigned "great weight" to that opinion.  *PAGEID* 71. Specifically, the administrative law judge noted that Mr. Loomis found plaintiff's "functional intelligence to be low average with concentration and attention to task, memory, and computational abilities estimated to be somewhat below average."  *Id*.  The administrative law judge went on to rely on Mr. Loomis's opinion that plaintiff "could understand, remember, and follow moderately complex directions and could maintain pace and persistence for moderately complex and routine tasks."  *Id*.  The administrative law judge also considered the opinions of the state agency psychological consultants' mental assessments and assigned "some weight" to those opinions. *PAGEID* 71.  More specifically, the administrative law judge found that these assessments "are mostly consistent with" the RFC found by the administrative law judge, but that they "tend to suggest greater limitations than what is supported by the evidence, particularly in light of the lack of supportive mental health treatment and Mr. Loomis's assessment."  *Id*.  Although the administrative law judge

11

found that plaintiff had moderate difficulties in maintaining concentration, persistence or pace, his RFC determination was based on the unchallenged and specific opinion of Mr. Loomis that did not impose any such restrictions on plaintiff's ability to engage in work-related activities.  *See Ealy*, 594 F.3d at 516 (finding that the administrative law judge's "streamlined hypothetical" to the vocational expert omitted specific limitations to "[two-hour] segments over an eight-hour day where speed was not critical.") (alteration in original).  *See also Hambrick v. Comm'r of Soc. Sec.*, No. 1:13-cv-374, 2014 WL 1961945, at *5 (S.D. Ohio May 15, 2014) (recommending remand where the administrative law judge assigned "great weight" to a medical opinion limiting the plaintiff to jobs with limited production quotas, but omitted that limitation in the hypothetical posed to the vocational expert) *report and recommendation adopted,* 2014 WL 2589317 (S.D. Ohio June 10, 2014).

This Court sees no error in the administrative law judge's decision in this regard. This is not a case where the administrative law judge completely omitted from the RFC determination (or from the hypothetical posed to the vocational expert) a particular limitation. Although the administrative law judge did not articulate plaintiff's limitations exactly as he had at step three of the sequential process, he nevertheless considered all the relevant evidence and explained the basis for his findings.  Under these circumstances, the Court concludes that the administrative law judge did not err in evaluating plaintiff's RFC.  *See Fry v. Comm'r of Soc. Sec.*, No. 1:13-cv-905,

12

2014 WL 3577439, at *9 (W.D. Mich. July 17, 2014) ("Contrary to

Plaintiff's argument, the *Ealy* decision does not stand for the

proposition that a finding that a claimant is limited to 'simple work'

is somehow legally deficient."); *Singleton v. Comm'r of Soc. Sec.*, No.

1:11-cv-1351, 2013 WL 967602, at *7 (W.D. Mich. Mar. 12, 2013)

("Contrary to Plaintiff's argument, the *Ealy* decision does not stand

for the proposition that an RFC determination must include specific

limitations regarding concentration, persistence, or pace whenever the

ALJ finds limitations in such areas."); *Grim v. Colvin*, No. 5:12-cv-

2801, 2013 WL 5316346, at *7 (N.D. Ohio Sept. 23, 2013) ("The Court

also agrees with prior decisions of this District that declined to

find *Ealy* established a *per se* rule concerning the level of functional

limitations that must be ascribed whenever a claimant is determined to

have moderate limitations in his or her ability to maintain

'concentration, persistence, or pace.'"); *Clayton v. Astrue*, No. 1:12-

cv-79, 2013 WL 427407, at *7 (S.D. Ohio Feb. 1, 2013); *Horsely v.

Comm'r of Soc. Sec.*, No. 1:11-cv-703, 2013 WL 55637, at *8 (S.D. Ohio

Jan. 3, 2013) ("[S]everal post-*Ealy* decisions declined to adopt a

bright line rule that a limitation to 'simple repetitive tasks' in an

RFC and hypothetical to the VE is not adequate to address a claimant's

moderate impairment as to concentration, persistence, and pace.")

*report and recommendation adopted* 2013 WL 980315 (S.D. Ohio Mar. 13,

2013)).

Having carefully considered the entire record in this action, the

Court concludes that the decision of the Commissioner is supported by

13

substantial evidence.  It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to

14

preserve an issue for appeal . . . .") (citation omitted)).


May 21, 2015                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge